**UNITED STATES of America,**
**Plaintiff, Appellant,**

v.

**CAMBRIDGE TRUST COMPANY,**
**Defendant, Appellee.**

**No. 5866.**

United States Court of Appeals
First Circuit.

Heard Nov. 8, 1961.

Decided March 6, 1962.

Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., with whom William H. Orrick, Jr., Asst. Atty. Gen., W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., and Morton Hollander, Atty., Dept. of Justice, Washington, D. C., were on brief, for appellant.

Joseph Ford, Boston, Mass., with whom Thomas W. Wiley and Bingham, Dana & Gould, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The United States has taken this appeal from a judgment summarily entered against it in an action brought to recover excess amounts paid on postal money orders presented for payment by the appellee bank, all of which had been fraudulently raised by the purchaser-payee. There is no dispute over the facts.

From October 1956 to January 1958 one Ralph Porter purchased 699 postal money orders payable to himself. The orders were in the usual form and each bore on its face the legend "Void If Altered." Porter cleverly raised each order about ninety dollars and then transferred them to E. M. F. Electric Supply Company, Inc., by the endorsement:

"Pay to E. M. F. Electric Co.
Ralph Porter, Payee."

E. M. F. delivered each order to the appellee bank, referred to hereinafter sometimes as the Bank, for deposit to the credit of its account with the endorsement:

"For deposit only
E. M. F. Electric Supply Co. and Camera Exchange"

Printed on the deposit slip accompanying each order was the statement that in receiving items for deposit the Bank "acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care" and that "all items are credited subject to final payment in cash or solvent credits."

The Bank stamped each order with its usual clearing house stamp reading:

"Pay to the Order of Any Bank, Banker or Trust Co.

Prior Endorsements Guaranteed
Cambridge Trust Company"

and transmitted the orders to the First National Bank of Boston for collection. That bank in turn presented each order to the Federal Reserve Bank of Boston for payment, and it paid the full face amount of each order as raised. The appellee bank received payment of the orders in full through its correspondent and in due course credited its depositor, E. M. F., with its collections. By January 14, 1958 when the Bank first received formal notice from the United States that the orders had been raised, it had paid the entire proceeds of the orders to E. M. F. The United States concedes that prior to the date of formal notice the Bank had no knowledge of the alteration of the orders and could not by the exercise of due care have had such knowledge. And it admits that there is no question but that the Bank had acted throughout subjectively in good faith.

On these undisputed facts the District Court in response to motions summarily dismissed the complaint of the United States against the Bank and also a third party complaint of the Bank against E. M. F. Electric Supply Company, Inc.[1]

The District Court held, and the parties agree, as do we, that federal law applies. See Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). But it does not follow that in this particular case we must formulate from some source a rule of federal negotiable instruments law or law of bills and notes. This case can be decided by application of an established general principle of the law of agency.

By statute, 39 U.S.C. § 723, Rev.Stat. § 4037 (1875), now 39 U.S.C.A. § 5104, ownership of postal money orders may be transferred only once and notice of this statutory limitation on their negotiability is printed on the back of each order immediately above the place indi-

1. The Bank did not appeal from the dismissal of its third party complaint against E. M. F. On its motion not objected to by the United States, we allowed the present appeal to be dismissed as against it.

cated for endorsement in the following words:

"Ownership of this Order May Be Transferred to Another Person or Firm if the Payee Will Write The Name of such Person or Firm on the Line Marked 'Pay To' Before Writing His Own Name on the Second Line. More than One Endorsement Is Prohibited By Law. Bank Stamps are not Regarded as Endorsements."

Thus the last legal owner of the money orders was E. M. F. Electric Supply Company, Inc., and the Bank and its correspondent through which the orders in due course came to the Federal Reserve Bank for payment could legally only be acting as E. M. F.'s agents for collection. And their agency was no secret to the medium authorized by law to pay the orders, the Federal Reserve Bank of Boston. It is chargeable with knowledge of the law preventing the transfer of ownership of postal money orders more than once and it knew from the endorsements on the orders themselves that ownership had been transferred once to E. M. F. Therefore, by honoring the orders by paying them, it could only have recognized that it was making payment not to the owner of the orders but to an agent of the owner for collection.

We have here, then, a clear case of a payment made by mistake to a known agent, indeed in this case an agent for a known principal, and payment over by the agent, the Bank, to its principal, E. M. F., in good faith and without notice of any adverse claim.

■■ In this situation there is no need to consider whether postal money orders are to be treated as negotiable instruments or non-negotiable instruments when in fact being negotiable but once, they fit precisely into neither category. The Bank is entitled to the benefit of the old and well established principle, applicable alike in cases involving negotiable instruments and in those which do not, that a known agent who receives money paid to him by mistake is protected from liability if innocently and in good faith

he has paid the money over to his principal before receipt of notice of the payor's mistake. Hooper v. Robinson, 98 U. S. 528, 540–541, 25 L.Ed. 219 (1878); United States v. Stockgrowers' National Bank, 30 F. 912, 914 (Cir.Ct., D.Colo. 1887) (dictum); Restatement, Agency 2nd, § 339, Comment f (1958).

■■ Although we find no federal authorities in point we agree with the District Court that the Bank is not liable to the United States as a guarantor. Since more than one endorsement is forbidden by law and the postal money orders themselves provide that bank stamps are not regarded as endorsements, the Bank cannot be liable as a guarantor through endorsement. Nor can the Bank be liable on the statement "Prior Endorsements Guaranteed" appearing on its stamp for on its face that statement, as the court below noted, does not purport to be a guarantee against alteration in amount.

Judgment will be entered affirming the judgment of the District Court dismissing the complaint of the United States.